## JERRY DREW *vs.* HARRISON T. SMITH.

*Lex loci contractus.*

In 1869, the plaintiff being then and still a citizen of Brighton, Vt., then and there delivered to one Philbrick, then and still a citizen of Maine, four horses, six stage harnesses, and a covered two-horse wagon, receiving from the latter his promissory note, of that date, together with a writing signed by him, dated at Brighton, reciting what the note was given for, and stipulating that the "said horses, harnesses, and wagon are to remain the property of the said" plaintiff "until said note is paid, the said" plaintiff "to have and apply toward the payment of the said note the sums paid by the U. S. Government for transportation of the mails from East Machias (Maine) to Lubec (Maine) as the same shall become due." The statute of Vermont does not require such a contract to be recorded. *Held*, that the law of Vermont governed the contract, and that R. S. c. 111, § 5 does not affect it.

ON FACTS AGREED.

REPLEVIN of two horses, two stage-harnesses, and a covered two-horse wagon. Writ dated July 30, 1870.

The defendant, being a deputy-sheriff, attached the property on a writ dated May 10, 1870, in favor of one Corthell against Edward L. Philbrick, and justified the taking upon the ground that the horses, harnesses, and wagon were, at the time of the attachment, liable to be attached as the property of Philbrick, and pleaded accordingly.

The sole question raised was the liability of this property to be attached as the property of Philbrick.

The plaintiff was and is a citizen of the State of Vermont. On the 24th of June, 1869, being the undisputed owner of the property hereafter mentioned, he delivered it to Edward L. Philbrick, at Brighton, Vermont, and received from him, at the same time, paper signed by Philbrick and of the following tenor:

"1470. On demand, for value received, I promise to pay Jerry Drew or bearer fourteen hundred seventy dollars, with interest annually. (Signature.)

BRIGHTON, Vt., June 24, 1869."

" The above note is given for two black horses, one chestnut horse, one brown mare, six stage harnesses, one covered two-horse wagon, which said horses, harnesses, and wagon are to be and remain the property of the said Jerry Drew until said note is paid, the said Jerry Drew to have and apply toward the payment of the said note, the sums paid by the United States government for transportation of the mails from East Machias (Maine) to Lubec (Maine) as the same shall become due from government.

BRIGHTON, Vt., June 24, 1869."                    (Signature.)

The note and stipulation were never recorded in either State.

By the laws of Vermont the contract was valid between the parties to it, and did not pass the title to the property to Philbrick until the note was paid ; and the law of Vermont did not require it to be recorded.

The property was delivered in Vermont to Philbrick, and by him taken to Maine, where it was used by him in the transportation of mails from East Machias to Lubec until the time of the attachment.

*Bradbury & Bradbury*, for the plaintiff.

*Walker & Lynch*, for the defendant.

DANFORTH, J.   It is admitted that up to June 24, 1869, the title to the property in question was in the plaintiff.   If the contract made on that day, between him and Philbrick, was "invalid," the case shows no evidence whatever of any change of ownership, and the plaintiff must have judgment in his favor.

But the contract was entered into in the State of Vermont, the property was delivered, and the note is payable there, and the party to whom the obligation is due, then was and still is a resident of that State.   By the *lex loci* the contract, as the case finds, is valid and binding upon the parties.   By our statute, as it now stands, R. S. 1871, c. 111, § 5, such a contract is invalid between the parties, as well as others, unless recorded.   This statute was passed subsequent to the date of the contract, and does not in terms apply

to it; nor can it by well-settled principles affect contracts made in other States, the validity, force, and effect of such depending upon the laws of the place where made. In this case no question arises as to the remedy but only as to the legality of the contract. If that is valid, Philbrick had no attachable interest in the property replevied, but the title and right of possession remain in the plaintiff. *Judgment for plaintiff.*

APPLETON, C. J.; CUTTING, KENT, and WALTON, JJ., concurred.