## JOHN DIXON *v.* WILLIS D. BLONDIN.

*Parol Evidence. Bill of Sale Absolute on its Face cannot be shown to be Conditional. Estoppel.*

1. In a suit between a vendor and a creditor of the vendee, parol evidence is not admissible to prove that a sale is conditional, when it is evidenced by a writing that imports an absolute sale, where the creditor made his attachment relying upon the writing and the vendee's representations that the sale was as the writing showed it to be.

2. LEX LOCI—ESTOPPEL. But a conditional sale not evidenced by a writing valid in New Hampshire, will be held valid in Vermont, if the vendor has done nothing by which he is estopped.

REPLEVIN. Heard on a referee's report, December Term, 1885, Ross, J., presiding. Judgment for the plaintiff.

The bill of sale was as follows:

"LYMAN, N. H., March 17, 1884.

"This is to certify that I have sold and delivered to J. O. Belanger one black horse, seven years old, for the sum of one hundred and thirty-five dollars, and received twenty-eight dollars on the same.  JOHN DIXON."

The referee found, that, on December 7, 1883, the plaintiff

was the owner of the horse replevied, and on that day conditionally sold the horse to Joseph O. Belanger for the sum of $135, to be paid for April 1, 1884; that the condition of the sale was, that the property was not to pass until payment was made; that the sale was not in writing; that the sale "was made in Monroe, New Hampshire, and by the laws of that State such a sale was valid, as against subsequent *bona fide* purchasers and attaching creditors, to retain the general property in the vendor, though not in writing nor recorded. The said Belanger took the horse and went to using him, some in New Hampshire and some in Vermont. The plaintiff and Belanger had other dealings during that winter. March 17, they had a looking over, and found that Belanger had paid the plaintiff $28, which they agreed should apply in payment for the horse." * * * * "The defendant contended that this paper showed an absolute sale, and could not be explained by parol testimony; that parol testimony was not admissible to show the sale was conditional, as before found, but the referee overruled the objection and admitted the testimony, to which the defendant duly excepted. If such testimony is inadmissible to show what the contract as made was, then the foregoing findings should be disregarded, and the rights of the parties as to said horse should stand upon the construction of said paper." * * * * "The plaintiff also purchased in December, 1883, or January, 1884, a pair of work harnesses, and let Belanger have them to use on the understanding that Belanger was to have them when he paid the plaintiff the purchase price of the harnesses. This trade was made in New Hampshire. No special time for the payment for the harnesses was agreed upon. Belanger became disaffected toward the plaintiff along in March, 1884. He had had dealings with William H. Bedell, of Lisbon, New Hampshire. Bedell claimed that Belanger owed him a large sum. He and Belanger met at an attorney's office in Lisbon, N. H., on the 24th of March, 1884, and Belanger showed the writing of March 17, 1884, and it was concluded that Bedell should attach said horse and harnesses in New Hampshire, with certain other property belonging to Belanger in New Hampshire, on a writ to be issued in his favor against Belanger. Said Bedell was advised by his attorney at Lisbon, that the writing of March 17 showed an absolute

Dixon *v.* Blondin.

sale of the horse to Belanger, and Belanger claimed that the paper showed the contract between him and plaintiff for the horse. It was on this advice, and on the supposition that the horse was the property of Belanger, that Bedell caused it to be attached. Accordingly such a writ was sued out and placed in the hands of the defendant, who was a deputy sheriff. It was, at the time the writ was made, and at the interview between Bedell and Belanger at Lisbon, understood that the horse and harnesses would be in Monroe, N. H., on the 25th of March, 1884. On that day the defendant attached said horse and harnesses in the hands of Belanger, in Monroe, N. H., as the property of said Belanger on the said writ in favor of Bedell. It was a part of the arrangement between Bedell and Belanger that after the attachment the officer should place the horse with his mate and the harnesses in the hands of Isaac M. Smith, in Barnet, Vt., where said horses had been kept part of the winter, and that said Belanger should have them to use about a job of work he was engaged in at Barnet. Blondin accordingly placed the horse and harnesses in the hands of said Smith with the right of Belanger to use them about said job of work."

Smith refused to deliver the property and it was replevied.

*Smith & Sloan*, for the defendant.

Parol evidence was not admissible. *Drew* v. *Kimball*, 43 N. H. 282-8; *Davis* v. *Bradley*, 24 Vt. 55; *Sanborn* v. *Chittenden*, 27 Vt. 171.

*C. H. Hosford* and *Bates & May*, for the plaintiff.

Blondin does not stand as an innocent purchaser. 46 Vt. 674; *Thompson* v. *Rose*, 16 Conn. 71; s. c. 41 Am. Rep. 121. Allowing the horse to go back to Belanger put an end to the N. H. attachment. *Lyon* v. *Rood*, 12 Vt. 233. The writing, in view of the facts, amounts to a mere receipt and comes within the rule adopted by this court in *Winn* v. *Chamberlin*, 32 Vt. 318. It was open to explanation by parol proof. *Giddins* v. *Mason*, 4 Vt. 311; *Cole* v. *Howe*, 50 Vt. 35; *Linsley* v. *Lovely*, 26 Vt. 123; *Houghton* v. *Carpenter*, 40 Vt. 588; *Herson* v. *Henderson*, 21 N. H. 224; *Edgerly* v. *Emer-*

son, 23 N. H. 555; Sanborn v. Jackman, 60 N. H. 569; Hogins v. Plympton, 11 Pick. 99; 2 Lead. Cas. Eq. (4th ed.) 946; Smith v. Tilton, 10 Me. 350; Wills v. Bannister, 36 Vt. 220; Stewart v. Mand (N. Y. Ct. Ap. 1886); 4 East. Rep. 173.

The law of New Hampshire governs. Story Conf. Law, s. 262.

The opinion of the court was delivered by

VEAZEY, J. One question is, whether the paper of March 17, 1884, given by the plaintiff to Belanger, showed an absolute sale and could not be explained by parol testimony to the effect that the sale was conditional. The referee admitted parol testimony subject to objection and exception, and from it found the sale was in fact conditional. It is quite plain the paper imports an absolute sale. From the parol evidence an additional feature is ingrafted upon it, changing it from an absolute to a conditional sale, a change inconsistent with the writing. This violated a well established general rule, to the effect that a valid written instrument cannot be enlarged, varied, or contradicted by parol testimony. Morse v. Low, 44 Vt. 561; 1 Greenl. Ev.-s. 275.

But the plaintiff insists that the findings of the referee bring the case within the rule that where the writing is manifestly partial, and not intended to cover the whole contract, but only to carry portions of it into effect, or reduce them to order and certainty, other portions, which are not covered by the writing, may be established by parol evidence. This rule has been adopted in numerous cases in other jurisdictions, and was applied to the case of Winn v. Chamberlin, 32 Vt. 318, and Reynolds v. Hassam, 56 Vt. 449. But this writing was not manifestly partial. It expressed a sale that was absolute, and contained no intimation that it was conditional, or that anything was omitted. The question is not between the parties to the sale, but is between the plaintiff, who made the sale, and a creditor of the vendee. The latter showed the paper to this creditor,

Bedell, and claimed the sale was, as the writing showed it to be, absolute. And it was in reliance upon what the paper showed, and Belanger's representations, that Bedell attached the horse as Belanger's property. This brings the case fully within the decision of *Sanborn* v. *Chittenden*, 27 Vt. 171, where the parol evidence to show the sale was only conditional was held inadmissible, as against an attaching creditor, on the ground of estoppel.

The foregoing applies to the horse, but not to the harnesses, as there is an entire absence of any finding that Bedell attached them on the strength of any representations by either the plaintiff or Belanger that the latter bought them absolutely. The plaintiff sold them to Belanger conditionally, and has done nothing to estop him from standing on his title, which was good under the law of New Hampshire, as reported by the referee.

The judgment for the plaintiff for one cent damages is affirmed as to the harnesses, but reversed as to the horse. Judgment for the defendant for return of the horse with one cent damages and costs in this court. Each party to recover costs in the County Court upon the issues or claims upon which he prevails.