D. H. BALDWIN *et al.* v. FRED T. HILL *et al.*
No. 121.

CONDITIONAL SALE—*Failure to Record—Bona Fide Purchaser.*
A conditional sale of a piano was made in the state of Indiana by B. to A. under a contract providing that the title thereto should be retained by B. until the same was fully paid for. By the laws of Indiana such a contract was legal and valid, and no record thereof was required in order to protect the holder. Subsequently the purchaser, in violation of the terms of the contract, and without the knowledge of the seller, removed the piano to this state, and sold and delivered it to H., who purchased in good faith, without notice of the retention of title by A. Upon discovery by B. of the whereabouts of the piano, this action was commenced against H., the purchaser, to recover its possession. *Held,* That B. was entitled to recover, notwithstanding such contract was not deposited with the register of deeds of the county in this state to which the piano was wrongfully removed by A.

MEMORANDUM.— Error from Brown district court; J. F. THOMPSON, judge. Action in replevin by D. H. Baldwin and others against Fred T. and Alice Hill. Judgment for defendants. Plaintiffs bring the case to this court. Reversed. The opinion herein, filed October 15, 1896, states the material facts.

*S. L. Ryan,* and *R. F. Buckles,* for plaintiffs in error.
*Sample F. Newlon,* for defendants in error.

The opinion of the court was delivered by

CLARK, J. : This is an action to recover the possession of a certain piano. The findings and judgment were in favor of the defendants. The material facts connected with the transaction out of which this controversy arose, as disclosed by the record, are as follows : April 19, 1890, the plaintiffs sold and delivered to one J. B. Albaugh, at New Albany, Ind., the piano in controversy, under a conditional sale whereby

the plaintiffs retained the title until the purchase
price therefor should be fully paid. Some time there-
after, and prior to October 19 of that year, Albaugh,
without the knowledge or consent of the plaintiffs,
left the state of Indiana, taking the piano with him,
and located at the city of Hiawatha, in this state,
where, on November 2 thereafter, he sold it to the de-
fendant Fred T. Hill for the sum of $200, the latter
paying $100 in cash and giving Albaugh his note for
$100, payable six months thereafter. The plaintiffs
were ignorant of the fact that Albaugh had removed
from the state of Indiana until after he had sold the
piano to Hill, and they had no knowledge that the
piano had been moved to Kansas until July 27, 1891.
At the time of the sale to Hill there was due from
Albaugh to the plaintiffs on the contract of purchase
about $250, all of which remained unpaid on Septem-
ber 18, 1891, the date of the commencement of this
action. Under the laws of the state of Indiana, a con-
ditional sale of personal property wherein title is re-
tained by the seller is valid not only between the
parties thereto, but as to innocent purchasers as well ;
and the laws of that state at the time this contract
was made did not require that the contract itself or a
copy thereof should be recorded in any of the public
offices of that state, and such continued to be the law
of Indiana up to the date of the commencement
of this action. The defense interposed by Fred T.
Hill was that, as neither the contract nor a copy
thereof was deposited in the office of the register of
deeds in and for Brown county, Kansas, after the re-
moval of the property to that county, and as he pur-
chased the property in good faith, without knowledge
of plaintiffs' claim, he acquired a good title thereto.
Chapter 255 of the Laws of 1889 is relied upon as

sustaining those views. Section 1 of that act reads as follows:

"SECTION 1. That any and all instruments in writing, or promissory notes, now in existence or hereafter executed, evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument or a true copy thereof shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited, shall be subject to the law applicable to the filing of chattel mortgages; and any conditional verbal sale of personal property reserving to the vendor any title in the property sold shall be void as to creditors and innocent purchasers for value."

It is contended by the plaintiffs in error that this law does not apply to a contract entered into and to be wholly performed in another state, and which relates to property which at the date of the contract is located in such other state, and that, even though it should be held to apply to such a contract, it should not be held to apply in this particular case. As the plaintiffs had no notice until after Hill purchased the piano from Albaugh that the property had been removed to Kansas, and as the object in view of such statute was to give notice to creditors or persons contemplating a purchase of the property that the one in possession was not in fact the owner, as this sale from Albaugh to Hill was made prior to the date that the plaintiffs first learned that the piano was in Kansas, a subsequent depositing of the contract with the register of deeds would have been no protection to Hill, and for this reason the plaintiffs were excused from complying with the terms of the statute. The contention of the plaintiffs in error must be sustained.

The laws of a particular state have no extra territorial force. This original contract of sale was entered into in Indiana between the plaintiffs in error and Albaugh. Under this contract, the title to the piano remained in Baldwin & Co. until full payment of the purchase price thereof. The property which was the subject of the contract was at that time in Indiana, and was to remain there until paid for in full, unless written consent for its removal should be given by Baldwin & Co. The notes evidencing the purchase price were made payable at the First National Bank of New Albany, Indiana. Under the laws of Indiana, until the purchase price was fully paid, Albaugh had no valid title to the piano which he could convey. Without the knowledge or consent of the owners of the property he removed it to Kansas, and before they learned of such removal he sold it to Hill. Chapter 255 of the Laws of 1889 has no application to such a state of facts as is presented by this record. Baldwin & Co. would not be required to file either the original contract or a copy thereof with the register of deeds of Brown county at a time when they had no knowledge or information that Albaugh had removed the property to Kansas, nor would they be required, in order to protect their rights as against a purchaser from Albaugh, to file the same immediately after learning that the property had been so removed, if, prior to such time, it had been sold to one who had no notice of their claim of ownership. We think that, under the facts as disclosed by the record, the title to this piano was no more affected by the attempted sale to Hill than would have resulted had Albaugh's title thereto been based wholly upon a felonious possession of the property.

Baldwin v. Hill.

The court erred in directing a verdict in favor of the defendant. The judgment will be reversed, and the cause remanded for a new trial.

All the Judges concurring.