PHILANDER E. LANE et al.

*v.*

THE J. E. ROACH'S BANDA MEXICANA COMPANY.

[Submitted January 3d, 1911.   Decided February 25th, 1911.]

1. A conditional sale of musical instruments was made in Indiana, by
the law of which state the contract was valid.   When the sale was made,
the parties contemplated the transitory use of the instruments in this
and other states, but the contract was not recorded in this state.   While
the instruments were in this state and before performance of the condi-
tions, the buyer executed a chattel mortgage to a resident of Colorado,
who was a *bona fide* purchaser, and this mortgage was at once recorded.
—*Held*, that the title to the instruments was to be determined by the law
of the *situs* at the time the contract was made, and that as against
the conditional seller the mortgagee had no title.

2. The conditional buyer of goods, who was not a resident of this
state and whose contract was made in Indiana, brought them into this
state before performance of the conditions.   *P. L. 1898 p. 700* §§ *71, 72*,
provide that contracts for a conditional sale of goods shall be recorded
"in the office of the clerk of the court of common pleas of the county
wherein the party contracting to buy, if a resident of this state, shall
reside at the time of the execution thereof; and if not a resident of this
state, then in the said clerk's office of the county where the property
so conditionally bought shall be at the time of the execution of the
instrument."—*Held*, that, as neither of these conditions existed, the
statute was inoperative, and the contract of conditional sale remained
valid as at common law, as to third persons claiming under the buyer,
though the contract was not recorded in this state.

3. The conditional buyer of goods sent a note to the seller for the
amount of his claim, but the note was given to and received by the
seller with the full understanding that it should not release his claim of
title to the goods.—*Held*, that there was no waiver of the condition as
to title.

4. Conditional sales are valid in this state, and in the absence of
fraud the title of the conditional vendor will be protected according to his
contract.

5. Courts of this state will not enforce the law of the place of con-
tract, where a statute of this state inconsistent with the law of the
place of contract is invoked by a resident of this state.   *Quære.* Will
they, where the local statute is invoked by a resident of another state?

On petition to determine right of parties in chattels in possession of receiver.

In September, 1909, a written conditional sale agreement was made between Charles G. Conn, a manufacturer of musical instruments in Indiana, and the Roach's Banda Mexicana Company, a corporation of Colorado, whereby Conn agreed to sell to that corporation certain musical instruments upon condition that the corporation would pay for the same in certain specified installments, it being stipulated in the agreement that title should remain in the vendor until the installments were fully paid. The contract was made in the State of Indiana and the musical instruments were at that time in the possession of Conn at his factory in that state. The contract was signed by the corporation in the State of Colorado, but with the understanding that it should not be operative until it was received by Conn in Indiana and there approved by him. The corporation maintained an organization of musicians commonly known as a brass band, and its business was that of supplying musical concerts at such places as the band should be engaged for that purpose. As soon as the contract was received by Conn and by him approved the instruments were shipped, by order of the corporation, to the band; which was in Mexico. The band thereafter performed at various places in Mexico and the United States, and in the summer of 1910 performed at Atlantic City, in this state. While there a chattel mortgage covering the musical instruments was executed by the corporation to John C. Talbott, a resident of the State of Colorado, which mortgage was promptly recorded in this state, in Atlantic county. Talbott had no knowledge of the existence of the conditional sale agreement and believed the corporation to be the owner of the instruments. The agreement has not been recorded in this state. Since the execution of the chattel mortgage a receiver of the corporation has been appointed by this court by reason of its insolvency, and the instruments are now in the possession of the receiver. The present proceeding is to determine whether the conditional sale agreement is valid as against the mortgagee.

At the time the conditional sale agreement was executed ·it was contemplated by the parties to that agreement that the musical instruments were to be used by the band in the various states of the United States in which it should be engaged to perform. It was also known to the parties that the band had made an engagement to perform at Atlantic City in the summer of 1910, for a clause in the agreement made provision for an order in favor of Conn, on the party in Atlantic City who was to employ the services of the band, for a specified percentage of the money to be earned by the band under that engagement.

*Mr. Clarence L. Goldenberg,* for the petitioner, Conn.

*Messrs. Bolte & Sooy,* for the mortgagee, Talbott.

*Mr. Oliver T. Rogers,* receiver, *pro se.*

LEAMING, V. C.

Under the law of Indiana the conditional sale agreement was valid, and the title to the chattels remained in the vendor until the conditions of the contract were performed; until that time the vendee could not, as against the vendor, confer a title upon an innocent purchaser or mortgagee without notice. *Winchester Wagon Works* v. *Carman, 109 Ind. 31.*

In *Cooper* v. *Philadelphia Worsted Co., 68 N. J. Eq. (2 Robb.) 622,* it is determined that in cases of this nature it is the law of the *situs* of the property at the time the contract is made which must control. The conditional sale agreement was made in Indiana and at that time the chattels were in that state. By the law of that state, as already stated, the title of the chattels did not pass from the vendor.

It is urged, however, that as the vendor knew that the chattels were to be used in New Jersey at some future time, the law of New Jersey will now control, and the conditional sale agreement will be treated as void as against the mortgagee without notice because the contract was not recorded in New Jersey. In *Knowles Loom Works* v. *Vacher, 57 N. J. Law (28 Vr.) 490,* as is pointed out in *Cooper* v. *Philadelphia Worsted Co.,*

*supra* (at *pp. 628, 629*), the parties contemplated that the looms, which were sold in Massachusetts, should be permanently located in New Jersey, and it was there held that, under the circumstances of that case, New Jersey should be regarded as the *situs* of the looms. But in the present case the use of the goods in New Jersey which was contemplated by the parties was only a transitory use; the contemplation of the parties was that the goods should be used temporarily in any or all of the states of the United States from time to time as the "bookings" of the band should require. I am convinced that that circumstance cannot properly be regarded as operative to impart to the goods a new *situs* in each successive state in which the band should from time to time perform in filling its various temporary engagements.

It will be also observed that our statute provides for the record of contracts for the conditional sale of goods in only two places—*first*,

"In the office of the clerk of the court of common pleas of the county wherein the party contracting to buy, if a resident of this state, shall reside at the time of the execution thereof."

*Second,*

"If not a resident of this state, then in the said clerk's office of the county where the property so conditionally bought shall be at the time of the execution of the instrument." *P. L. 1908 p. 670 §§ 71, 72.*

As neither of these conditions existed in this case no place of record for the contract in question was designated by our statute. In *Woolley* v. *Geneva Wagon Co., 59 N. J. Law (30 Vr.) 278,* it was held that under such conditions the recording statute is inoperative and the conditional sale contract will remain valid as at common law.

It is also urged that a certain promissory note sent to Conn for the amount of his claim and not properly returned by him was operative to release his claim of title to the goods. The evidence sufficiently discloses that the note was given to and received by Conn with the full understanding that it should not be operative to release his claim of title to the goods. In the

correspondence leading up to the note Conn stated, in effect, that such favors as he should extend to enable the band to resume its work would be with the understanding that his conditional sale contract should "hold good." It was clearly the intention of no one that the note should be regarded as operative as a payment.

Another feature is present in this case which should, I think, be referred to. It has already been stated that the contract of conditional sale was made in the state of the domicile of the conditional vendor, with a conditional vendee who was not a resident of New Jersey, and was made with reference to chattels at that time in the possession of the vendor in the state of his domicile, and by the laws of the state of the contract the title of the chattels remained in the conditional vendor until the conditions of the contract were fully discharged by performance. Assuming that the recording act of this state contemplates a contract of that nature made under the circumstances stated, the question arises whether the forum of the state in which the conditional vendor asserts his rights will enforce the local recording statute in subversion of the law of the place of the contract *in behalf of a person who is not a citizen of this state.*

As this question had not been argued before me, and the features already considered are, in my judgment, conclusive, I will do no more than call attention to adjudications which impress me as requiring a negative answer to the question propounded.

As already stated conditional sales are valid in this state, and in the absence of fraud the title of the conditional vendor will be protected according to the terms of the contract. *Cole .v. Berry, 42 N. J. Law (13 Vr.) 308.* If the contract now in question is not to be enforced, it must be solely by reason of the failure to comply with the requirements of our recording act. To what extent, under such conditions, should the state of the remedy recognize the obligations of comity to enforce the contract in accordance with the laws of the foreign jurisdiction?

In some of our states the law of the place of the contract appears to be enforced, notwithstanding the existence of a local statute which would otherwise overthrow the contract; and this

irrespective of whether or not the aid of the local statute is invoked in behalf of a resident of the state of the remedy. See *Drew* v. *Smith, 59 Me. 393; Cobb* v. *Buswell, 37 Vt. 337; Dixon* v. *Blondin, 58 Vt. 689; Barrett* v. *Kelley, 66 Vt. 515; Cleveland Machine Works* v. *Lang, 67 N. H. 348; Baldwin* v. *Hill, 4 Kan. App. 168; Mershon* v. *Moors, 76 Wis. 502, 515; Com. of Kentucky* v. *Bassford, 6 Hill* (N. Y.) *526; Thatcher* v. *Morris, 11 N. Y. 437; McIntyre* v. *Parks, 3 Met.* (Mass.) *207*. But in this state, however, the opposite view has been taken, and local statutes have been successfully invoked to subvert the law of the state of the contract, which, but for the local statute, would have been recognized. *Varnum* v. *Camp, 13 N. J. Law* (1 Gr.) *326; Marvin Safe Co.* v. *Norton, 48 N. J. Law* (19 Vr.) *410; Knowles Loom Works* v. *Vacher, 57 N. J. Law* (28 Vr.) *490*.

But I have found no adjudicated cases in which a local statute or policy of the forum of the remedy has been upheld to overthrow the comity of states except where the local statute is invoked by and in behalf of a citizen of the state where the local statute exists. On the contrary, wherever I have found the subject directly considered the uniform view appears to have been adopted that the law of the contract will be recognized unless the enforcement of the provisions of the local statute are found necessary for the protection of a citizen of the forum of the remedy. In this state the principle referred to was considered in *Bentley* v. *Whittemore, 19 N. J. Eq.* (4 C. E. Gr.) *462*. The principle of *Bentley* v. *Whittemore* is applied in *Receiver* v. *First National Bank, 34 N. J. Eq.* (7 Stew.) *450*, to the extent of holding that a New Jersey receiver acquires title to the personal property of a New Jersey corporation situate in New York in derogation of the laws of New York, except as against citizens of New York. The learned vice-chancellor, at page 454 of the reported opinion, says:

"No state is bound to give effect to the law of a foreign state, when, to do so, will prejudice either the rights of its citizens or the interests of the state; but, on the contrary, each state is bound to give its citizens the full benefit of all the remedies and securities provided by its laws. But where a transfer of prop-

erty is valid by the *lex loci,* whether it be effected by the act of the debtor, or by operation of law, no just rule of comity requires the courts of the state where the property happens to be located, to adjudge such transfer to be invalid, at the instance of citizens of other states, simply on the ground that it is incompatible with its laws."

*Bentley* v. *Whittemore, supra,* has been followed in *Pemberton* v. *Klein, 43 N. J. Eq. (16 Stew.) 98,* and *Green* v. *Wallis Iron Works, 49 N. J. Eq. (4 Dick.) 48.* See, also, *Knowles Loom Works* v. *Vacher, 57 N. J. Law (28 Vr.) 490, 494; Flagg* v. *Baldwin, 38 N. J. Eq. (11 Stew.) 219, 225; Van Winkle* v. *Armstrong, 41 N. J. Eq. (14 Stew.) 402, 404.* The rule referred to is also applied in permitting a receiver of a foreign jurisdiction to act in a state not of his appointment; the rule of comity being to recognize the right except to the detriment of a citizen. *Beach Rec.* §§ *682, 683; 20 Am. & Eng. Encycl. L. (1st ed.) 244; Hurd* v. *City of Elizabeth, 41 N. J. Law (12 Vr.) 1, 4; Bidlack* v. *Mason, 26 N. J. Eq. (11 C. E. Gr.) 230.*

I will advise a decree pursuant to the prayer of the petition.