GERTRUDE M. MONEY, Appellee, v. SOMERS SAVINGS BANK, Appellant.

CHATTEL MORTGAGES: Liabilities of Parties—Conversion. A senior chattel mortgagee who, without foreclosure, takes possession of the mortgaged property and sells it at private sale must account to a junior mortgagee for such part of the proceeds as he applies to *unsecured* claims due him.

Headnote 1: 11 C. J. p. 591 (Anno.)

*Appeal from Calhoun District Court.*—M. E. HUTCHISON, Judge.

JUNE 21, 1926.

Action at law for damages alleged to have been sustained by defendant's misappropriation of funds derived from the sale of mortgaged chattels.—*Affirmed.*

*Maher & Van Metre,* for appellant.

*Helsell & Helsell,* for appellee.

ALBERT, J.—One Ness was the owner of a 320-acre farm in Calhoun County, on which Annis & Rohling held a mortgage for $32,000, which was in existence and unpaid during all times in controversy herein. The appellant bank held a second mortgage on the same land for $6,200, but this debt was also secured by a

chattel mortgage for a like amount, covering the chattel property of Ness. The bank also held a second chattel mortgage for $1,320, covering the chattel property of Ness. Appellee herein held a chattel mortgage on 800 bushels of corn in the crib and field on said land. Appellee commenced proceedings to foreclose her chattel mortgage, and the bank notified her to desist, alleging that it held a chattel mortgage for $1,320 superior to that of appellee; whereupon appellee stopped further proceedings in the foreclosure of her chattel mortgage. The bank then took possession of and sold 2,899 bushels of the corn on said farm (which included the 800 bushels covered by appellee's chattel mortgage). The proceeds from the sale of this corn amounted to approximately $2,870, which was paid to the bank by the grain company. The bank thereupon proceeded to satisfy the aforesaid $1,320 chattel mortgage by deducting the amount still due on the same. This absorbed $1,218, leaving the balance of the selling price of said corn in the hands of the bank. It then foreclosed its second mortgage on the real estate, and bought the property in for the full amount of its judgment, interest, and costs thereon. By its so doing, the real estate mortgage held by the bank, and its twin sister, the chattel mortgage for the same amount, were satisfied in full. It is to be noted in passing that the appellant did not attempt to foreclose its $1,320 mortgage in the usual and statutory way, but simply took possession of the corn, sold it to the elevator company, and accepted the proceeds.

It is probably true that the amount of the proceeds from the sale of the corn, over and above the $1,218 necessary to pay the aforesaid chattel mortgage, could have been applied by the bank on its $6,200 chattel mortgage, and the appellee herein could not have then complained; but appellant did not do that. It satisfied the $6,200 chattel mortgage by another method, to wit, the foreclosure of the real estate mortgage. This left in its hands the difference between the selling price of the corn and the $1,218 necessary to satisfy its second mortgage.

It appears that Ness owed the bank three unsecured notes, which, with interest, amounted to approximately $400. He also owed the bank an overdraft of $25.10. The bank took enough funds from the proceeds of the sale of the corn to settle this indebtedness. It also paid Ness $13 cash, and gave him credit for $60 more, all of which was deducted from the proceeds from

the sale of the corn. All of these amounts thus paid by the bank to itself were unsecured, and hence junior to the mortgage of appellee, whose mortgage amounted to $336.40.

The appellant urges two errors: First, that the court erred in holding that the appellee had a right to complain of the disposition made of the funds derived from the sale of the mortgaged corn; second, that the court erred in holding that appellee was actually or in any wise prejudiced by the disposition made by the bank of the proceeds of the mortgaged corn. Both errors go practically to the same point. Appellant relies upon *Thompson v. Anderson,* 86 Iowa 703; *Citizens Bank v. Whinery Bros.,* 110 Iowa 390; *Tolerton & Stetson Co. v. Roberts,* 115 Iowa 474; *Barrett v. Martzahn,* 186 Iowa 548. None of these cases have application to the case at bar; as, in each case, the party charged with the conversion was the holder of liens amounting to more than enough to absorb the funds, or there existed a single chattel mortgage covering several notes, on part of which the complaining party was surety, and he was seeking to compel the application of the proceeds of the mortgaged property to the notes on which he was surety. Under such circumstances, we held that the subsequent mortgagee was not in a position to complain. We think the law is fairly well settled that, where a senior mortgagee, without foreclosing his mortgage, takes possession of the property and sells it at private sale, and uses the funds for payment of unsecured debts due him from the mortgagor, it amounts to a conversion, as against the holder of a recorded subsequent mortgage, of all funds over and above the amount necessary to pay the senior mortgage. As tending to support this proposition, see *Peregoy & Moon v. Wheeler & Hereld,* 88 Iowa 732; *Clendening v. Hawk,* 8 N. D. 419 (79 N. W. 878); 11 Corpus Juris 591, Section 285.

The appellant, having diverted the part of this fund in excess of the claim of appellee to the payment of unsecured indebtedness held by the bank against the mortgagor, was guilty of conversion, and must respond to the appellee therefor. This was, in effect, the holding of the district court.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.