NORTHERN FINANCE CORPORATION, Appellee, v. JOSEPH P. MEINHARDT, Appellant.

No. 39567.

JUNE 24, 1929.

REHEARING DENIED FEBRUARY 15, 1930.

*Salinger, Reynolds & Meyers,* for appellant.

*Helmer & Minnich, William Rocheford,* and *Clarence O. Horton,* for appellee.

FAVILLE, J.—On October 1, 1925, Tyrholm & Company, of Waseca, Minnesota, sold the automobile in question to the Creditors Protective Bureau of Minneapolis. The said Creditors Protective Bureau of Minneapolis was a trade name for an individual by the name of Lesselyoung. The car was delivered to the purchaser, and a written contract entered into between the parties on said date. The purchaser resided in Minneapolis, Minnesota, and the car was either delivered in Minneapolis or was taken there at or about the time of the purchase. The written contract evidencing the sale was assigned to the appellee, the Northern Finance Corporation, on the same

date it was executed. The contract and the assignment thereof were duly filed in the office of the city clerk of Minneapolis on or about October 8th. The said contract contained the following provision:

"The title to the car and extra equipment, accessories and repairs being the property above described, shall not pass by delivery to the buyer, but shall remain vested in and be the property of the seller or assigns until the purchase price has been fully paid."

In said contract the buyer agreed:

"* * * not to remove the property from the county where the buyer now resides save for the purpose of making a continuous trip, the termination of which is to be in said county;"

It was also provided that the seller might exercise certain specified rights under the contract "* * * if said car is removed or attempted to be removed from the county in which the buyer now resides without the written consent of the seller."

It appears that, sometime previous to the month of February, 1926, one Ellinghouse, an agent and employee of the said Creditors Protective Bureau of Minneapolis, appeared with said car at Carroll, Iowa. The car was kept in storage in a garage in Carroll. The storage charges were unpaid. Subsequently, the proprietor of said garage proceeded to foreclose his lien on said car for said storage, as provided by Chapter 457 of the Code, 1924. The property was bid in at sheriff's sale by a third party, who in turn sold the same to the appellant. Subsequently this action for replevin was instituted.

I. It is contended by the appellant that the written instrument in question was a chattel mortgage, and not a conditional sales contract. The contract clearly and explicitly provides that the title to the car shall remain vested in and be the property of the seller until the purchase price has been fully paid. The instrument is distinct in character from one where there is an absolute sale, with title fully vested in the buyer, and with a mortgage back to the seller to secure the purchase price. *Budlong v. Cottrell*, 64 Iowa 234; *Wright v. Barnard Bros.*, 89 Iowa 166; *Bentley & Olmstead v. Snyder & Son*, 101 Iowa 1; *Max-*

*well Mot. Sales Corp. v. Bankers Mtg. & Sec. Co.*, 195 Iowa 384; *Miller & Kizer v. Des Moines City R. Co.*, 196 Iowa 1033; *Ohio Sav. Bank & Tr. Co. v. Schneider*, 202 Iowa 938; *Hart v. Wood*, 202 Iowa 58.

We hold that it was a conditional sales contract, and not a chattel mortgage.

The law of Minnesota is presumed to be the same as the law of this state, unless the contrary appears. There is no  showing that the law of Minnesota differs from that of Iowa in this regard, and under the record, we think, it sufficiently appears that it is the same.

II. The contract being a conditional sales contract, it appears to have been properly executed and filed under the laws of the state of Minnesota pertaining to such contracts.

III. It does not appear in the record that the automobile was brought from the state of Minnesota into the state of Iowa with the knowledge or consent of the seller or its assignee, the  appellee. The buyer covenanted not to remove the property from the county where he resided in the state of Minnesota. The automobile, however, was brought to the state of Iowa, and placed in a garage, where storage charges accrued thereon. Code Section 10345, which is a part of Chapter 457, is as follows:

"Livery and feed stable keepers, herders, feeders, and keepers of stock and of places for the storage of motor vehicles shall have a lien on all property coming into their hands, as such, for their charges and the expense of keeping, but such lien shall be subject to all prior liens of record."

The lien created by this section of the statute is of the class that is commonly designated as a possessory lien. It is available to the keeper of a place for the storage of motor vehicles on a motor vehicle coming into his hands, for the charges and expense of keeping the same.

At this point, the question is whether this statutory lien, created in favor of the garage keeper for storage of a motor vehicle, is available as against the owner of said car under a conditional sales contract executed and of record in a foreign

state, but not recorded in Iowa, where the car has been removed to this state without the knowledge or consent of the conditional sales vendor. The case presents an entirely different question from the one in *State v. Kelsey,* 206 Iowa 356, and *State v. Jennings,* 206 Iowa 361, wherein the question of forfeiture of an automobile used in violation of the criminal laws of this state was involved. The question here is one between rival claimants to the property. The question is analogous to that involved in cases where a chattel mortgage has been given and recorded in one state and the property is subsequently removed to a foreign state.

In the recent case of *First Nat. Bank v. Ripley,* 204 Iowa 590, we considered a situation where the owner of personal property gave a chattel mortgage thereon in the state of Minnesota, where he then resided. The mortgage was duly recorded, and subsequently transferred to the plaintiff in the action. Later, the mortgagor removed the property to Lyon County, Iowa, without the consent of the mortgagee, and thereafter gave a chattel mortgage on certain of the personal property covered by the former chattel mortgage. The latter mortgage was duly recorded in Lyon County. The question presented to this court involved priority of said liens. We reviewed the authorities, and held that the lien of the mortgage executed in Minnesota was senior and superior to that of the mortgage executed in Iowa.

The instant case involves a conditional sales contract. The rule in respect to conditional sales where the property is taken to a foreign state is thus stated in Goodrich on Conflict of Laws, Section 150:

"The validity of a conditional sale, by which a seller retains title until payment of the purchase price by the buyer, is governed by the law of the place of delivery of the chattel to the buyer. If the seller's title is valid, it will be recognized in another state as against the buyer or his creditors or assigns. By the better view, it is immaterial that the property was removed to the second state with the seller's consent. The second state may, by statute, require recording of the agreement there if the seller is to be protected against creditors of the buyer or subsequent purchasers from him."

In the instant case, we do not have a situation where the

property was removed to the second state with the seller's knowledge or consent. In fact, the conditional sales contract stipulated against such removal.

The weight of authority seems to be to the effect that, where property held under a conditional sales agreement, duly recorded according to the laws of the state where it is executed, is taken, without the seller's consent, to a foreign state, and is conveyed or mortgaged to a third party in good faith, and such conditional sales agreement is not recorded in such foreign state, the rights of the vendor under such conditional sales agreement will be superior to those of the purchaser or mortgagee from the vendee in the second state, unless controlled by some special statute. A few citations will serve to illustrate the general rule.

In *Baldwin v. Hill*, 4 Kan. App. 168 (46 Pac. 329), a conditional sales contract of a piano was made in the state of Indiana. It was not required to be recorded in said state. Subsequently, the purchaser, in violation of the terms of the contract, and without the knowledge of the vendor, removed the piano to the state of Kansas, and sold it to a third party, who purchased it in good faith, and without notice. It was held that the conditional vendor was entitled to recover, notwithstanding that the contract was not recorded in the state of Kansas, in accordance with the laws of that state.

In *Cleveland Mach. Works v. Lang*, 67 N. H. 348 (31 Atl. 20), the Supreme Court of New Hampshire recognized the general rule that contracts respecting the sale or transfer of personal property, valid where made, and where the property is situated, would be upheld and enforced in another state, although not executed according to the laws of the latter state, unless such enforcement would be in contravention of a positive law and public interest.

In *Lane v. Roach's Banda Mexicana Co.*, 78 N. J. Eq. 439 (79 Atl. 365), a conditional sales contract on certain band instruments was executed in the state of Indiana, where the instruments were then located. The vendee then resided in Colorado. The instruments were subsequently taken to the state of New Jersey, where a chattel mortgage was executed upon them by the vendee. Suit was brought in New Jersey. It was held that the conditional vendor's title was good as against that

of the mortgagee, although the conditional sales contract was not recorded in the state of New Jersey.

See, also, *Harrison v. Broadway Motor Co.*, 128 Miss. 766 (91 So. 453); *Drew v. Smith*, 59 Me. 393; *Studebaker Bros. Co. v. Mau*, 13 Wyo. 358 (80 Pac. 151); *Adams v. Fellers*, 88 S. C. 212 (70 S. E. 722); *Barrett v. Kelley*, 66 Vt. 515; *Dixon v. Blondin*, 58 Vt. 689 (5 Atl. 514); *Mershon v. Moors*, 76 Wis. 502 (45 N. W. 95).

In *Sargent v. Usher*, 55 N. H. 287, it was held that a mortgagor of horses in Massachusetts who brought them into the state of New Hampshire could not subject them to a lien for their keep in New Hampshire, as against the Massachusetts mortgage.

While there is some conflict in the cases, we are of the opinion that the greater weight of authority and the better reason sustain the general rule above stated.

The question, then, narrows itself to the proposition as to whether or not the rights of the vendor of a motor vehicle under a conditional sales contract, duly recorded in a foreign state, who does not consent to the removal of the motor vehicle to this state, are superior to those of a lien claimant for storage under our statute. As we have seen, such right of the conditional sales vendor would be superior to those of a mortgagee in this state, under the rule recognized in *First Nat. Bank v. Ripley*, supra. It would apparently logically follow that they would be superior to those of a purchaser from the vendee, or an attaching creditor of the vendee in this state. Is the lien claimant for storage under Code Section 10345 to be placed in any different category? We think not. In a sense, it may be said that the storage of the car inured to the benefit of the vendor, in that it protected and preserved the car; and hence there are equities in favor of the storage-lien claimant. But the equities of the vendor are not to be overlooked. He has done all that the statutes of the state of Minnesota require, to protect his rights in the property. He has not consented to the removal of the property to Iowa. Under the rule of comity recognized in *First Nat. Bank v. Ripley*, supra, we think the appellee was entitled to recover possession of the car from appellant. The rule of *caveat emptor* prevails in this state.

IV. Appellant pleaded that, under certain statutes of the

state of Minnesota, the appellant's lien for storage would be superior to appellee's claim under his conditional sales contract, and argues that appellee should not have greater rights under his conditional sales contract in Iowa than he would have in the state of Minnesota. Appellant pleaded and proved Section 8524 of the statutes of that state, as follows:

"Whoever performs or contributes any labor or skill, or furnishes · or contributes any machinery, materials, storage, in making, altering, repairing, storing, or otherwise caring for any motor vehicle whether pursuant to a contract with the owner of such motor vehicle or at the instance or request of any agent of such owner, shall have a lien upon such motor vehicle for the price, or value, of the labor or skill performed, or machinery, supplies, materials, storage, is furnished pursuant to a contract for an agreed price, the lien shall be for the sum so agreed upon; otherwise, it shall be for the reasonable value thereof."

In the late case of *Sundin v. Swanson* (Minn.), 225 N. W. 15, the Supreme Court of Minnesota held that one who made repairs on a motor vehicle did not have a prior lien over a conditional sales vendor, under said statute. No other pertinent section of the Minnesota statute is pleaded or proven in this case. On appeal, we can only consider the record as made in the lower court.

The judgment of the trial court was correct, under the record, and it is—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.