STATE OF IOWA ex rel. W. A. BLISS, Appellant, v. JOHN DOE and FEDERAL DISCOUNT CORPORATION, Appellees.

No. 45196.

August 6, 1940.

Rehearing Denied November 22, 1940.

H. H. Sawyer, for appellant.

Oral Swift, for appellee.

Hale, J.—This is an action begun in the municipal court of Des Moines by the issuance of a search warrant on petition of plaintiff. The warrant was issued and the car taken thereunder. The tools described in petition were returned to the plaintiff, Bliss. For convenience W. A. Bliss will be termed plaintiff and Federal Discount Corporation the defendant. On trial both plaintiff and defendant claimed possession of the property, the former by purchase from the owner who had purchased the car from the Cedar Valley Finance Company of Osage, Iowa, which was assignee of vendor under a conditional sales contract with the vendee Mathews, and the latter by a later chattel mortgage from Mathews to defendant. Trial was had in the municipal court of Des Moines, which found for plaintiff and ordered the car returned to the plaintiff. From this judgment the defendant appealed to the district court, where, upon trial, the judgment of the municipal court was reversed, and the court found for defendant. From this ruling and judgment plaintiff appeals.

The case was tried upon a stipulation of facts, with some oral testimony. Such stipulation is as follows:

"1. That on the 13th day of January, 1939, one George

Mallow, a resident of Osage, Mitchell County, Iowa, engaged in the business of dealing in automobiles, sold the automobile involved in this proceeding to one Neil Mathews, otherwise known as N. G. Mathews, and that N. G. Mathews and Neil Mathews are one and the same person, for the sum of $106.00. In said sale Neil Mathews or N. G. Mathews paid to George Mallow the sum of $36.00, and executed a Conditional Bill of Sale for the balance of $70.00 due, in eight installments of $8.75 each, beginning February 13, 1939. That said Conditional Bill of Sale was filed of record in the office of the County Recorder of Mitchell County, Iowa, on the 19th day of January, 1939, at 9:30 o'clock A. M., and a certified copy of said Conditional Bill of Sale is hereby admitted in evidence without objection.

"2. That after execution and delivery of said Conditional Sales Contract the said N. G. Mathews or Neil Mathews came to Des Moines and that on the 13th day of February, 1939, the said N. G. Mathews or Neil Mathews borrowed from the Claimant, Federal Discount Corporation, the sum of $25.00 and at the same time executed a chattel mortgage to the said Federal Discount Corporation, which is hereby in evidence without objection. That said chattel mortgage covers the same identical automobile as the conditional bill of sale and upon the car involved in this controversy. That said chattel mortgage was filed of record with the County Recorder, Polk County, Iowa, on the 16th day of February, 1939, at 8:16 A. M.

"3. That on the 14th day of February, 1939, at 1:05 A. M. the same automobile involved in this controversy and covered by the said conditional bill of sale and the said mortgage was found by the police officers of the city of Des Moines, Polk County, Iowa, at or near East Second and Des Moines Streets, in the city of Des Moines, apparently abandoned with its motor running, and that on said date the said automobile was taken to the police station and a charge filed against N. G. Mathews or Neil Mathews, in whose name the said car was licensed, charging him with leaving his automobile in the street with the motor running. That said automobile remained in the custody of the

police at the police station in Des Moines until April 10, 1939, when a letter was written to George Mallow at Osage, Iowa, notifying him that said car was held by the police at Des Moines. That thereupon the said George Mallow came to Des Moines, displayed to the police officers in the city of Des Moines his conditional bill of sale, and declared to them that the car was forfeited under the conditional bill of sale, and the car forfeited and repossessed under his conditional bill of sale, and that the police officers of Des Moines thereupon released the car and turned it over to said George Mallow.

"4. On the 15th day of April, 1939, the Cedar Valley Finance Company, by William H. Burns, Jr., Secretary-Treasurer, filed with the County Recorder of Mitchell County, Iowa, its Affidavit of Repossession,—a certified copy of the same is by this stipulation offered and introduced in evidence without objection.

"5. That on or about the .... day of April, 1939, the said Cedar Valley Finance Company sold the said automobile to one Robert Burns of Des Moines, Iowa, and that thereafter said Robert Burns performed services and had repairs made upon said automobile, and within a few days sold and transferred the said automobile to W. A. Bliss, the present claimant herein, but that no Bill of Sale thereof was ever filed or recorded in the office of the Recorder of Polk County, Iowa.

"6. That possession of said automobile was given to W. A. Bliss on the 26th day of April, 1939, and that the same was in his possession and use from and after said date until taken as hereinafter set forth.

"7. That on the evening of the 16th day of June, 1939, said W. A. Bliss parked his automobile in the driveway to his garage, which garage is underneath the house, all of said automobile being upon the lot of the said W. A. Bliss, and that at about 9 o'clock P. M. the same was taken and driven away by one John Hanson, under the direction of the claimant, Federal Discount Corporation, and remained in the possession of the said Federal Discount Corporation until taken under this

search warrant on or about the 6th day of July, 1939, and has been in the possession and custody of the bailiff of the Municipal Court of Des Moines since that date.''

In addition to the facts stipulated, other testimony was introduced to the effect that there was no prior actual knowledge on defendant's part of the existence of plaintiff's conditional sales contract. There is no evidence contradicting the statement of residence in the two instruments. Neither the plaintiff nor the vendor, nor vendor's assignee under the contract, had any actual knowledge of the chattel mortgage until June 17th, after the vendor's assignee had filed its affidavit of repossession on April 15, 1939.

Question is made and considerable space devoted in argument as to the form of the proceedings. The controversy began with the issuance of a search warrant by the judge of the municipal court, under which the car was taken on July 5, 1939. On July 10th following, defendant appeared and filed a claim alleging its right to possession, but no claim was made that the search warrant was illegally issued nor was any attack made upon it. The plaintiff in his application for the warrant also had alleged that the car was his property. Upon these claims the case was tried in the municipal court, and, on defendant's appeal from the order and judgment of that court, was tried upon the same issues in the district court. The finding of the municipal court and the notice of appeal therefrom by the defendant in no way assailed the issuance of the search warrant. Both parties throughout treated the hearings and trial as a test of ownership or right of possession. Some suggestion is made in argument that the validity of the warrant was attacked in the district court, but under the record here we conclude and must hold that the issues presented at all times were only as to the rights of the respective parties to the possession or ownership of the car, and would therefore render the consideration or discussion of the question of the proper issuance of the warrant immaterial and of no value. We take the case on the issues made and presented by the parties, and

hence we consider only the question of the rights of the parties under the conditional sales contract and chattel mortgage. As bearing on this question, see Montgomery v. Alden, 133 Iowa 675, 108 N. W. 234, 119 Am. St. Rep. 648, and Haworth v. Newell, 102 Iowa 541, 71 N. W. 404.

II. The district court held that on the merits defendant was entitled to the possession of the car. We are not inclined to agree with this conclusion. The Cedar Valley Finance Company was the holder by assignment of the conditional sales contract, which was dated January 13, 1939, duly executed and recorded. The title at no time was in Mathews, the vendee, and under the terms of the contract could not pass to the purchaser until payment of the balance of the purchase price in cash. Provision was made therein for possession and sale by vendor at any time, without notice, in the event of default or noncompliance with the terms of the contract. There were provisions against transfer, or liens or incumbrances. Of these provisions, and of the contract, defendant had record notice. Defendant's chattel mortgage was not executed until February 13, 1939, in another county, and there filed. The finance company had done all it could do under the statute to protect its right by recording as provided in section 10016, Code of 1935. It seems that there could be no question of priority as to the first instrument.

The rights acquired by defendant could be no greater than those of the mortgagor, Mathews. It has been our uniform holding that the priority is in the first holder whose instrument is duly recorded. See Northern Fin. Corp. v. Meinhardt, 209 Iowa 895, 226 N. W. 168, with cases cited, wherein we held that even a foreign conditional sales contract was superior to and held priority over a lien claimant for storage, and after sale for charges to an innocent purchaser. In that case we said, 209 Iowa 895, 901, 226 N. W. 168, 170:

"As we have seen, such right of the conditional sales vendor would be superior to those of a mortgagee in this state, under the rule recognized in First Nat. Bank v. Ripley, supra

[204 Iowa 590, 215 N. W. 647]. It would apparently logically follow that they would be superior to those of a purchaser from the vendee, or an attaching creditor of the vendee in this state."

The rule as to a foreign vendor certainly applies with equal force at least to a vendor within the state.

Under the terms of the contract no title passed to Mathews. This was not a case of two chattel mortgages, as in the case of Money v. Somers Sav. Bk., 202 Iowa 106, 209 N. W. 275. The vendor's assignee in this case had title, a right to sell the car and apply the proceeds on its debt; was not required to account for any surplus, since there was in fact no surplus from the sale which realized much less than the amount due. The recent case of Hansen v. Kuhn, 226 Iowa 794, 285 N. W. 249, was decided on the question of the definition of ownership as applied in the law relating to liability in an automobile case under Code section 4863 [Code, 1935]. We do not think that the holding in that case or the discussion of the case by Justice Bliss is contrary to our finding in this case; and, under the terms of the contract herein involved, the rights of the holder of the contract were superior and prior to those of the subsequent mortgagee. Whether or not plaintiff was bound as to notice by the recording of the chattel mortgage we do not need to consider, as, after the retaking of the car by the prior lienholder, the rights, if any, of the mortgagee were of no actual value. And such holder of the contract, having repossessed the car, became the owner, with full rights of possession. Under the facts of this case, we must hold that the plaintiff was the rightful owner, and entitled to possession of the car.

Our holding renders unnecessary to consider a motion to strike defendant's reply brief and argument.

The judgment and order of the district court should be, and it is, reversed.—Reversed.

RICHARDS, C. J., and STIGER, SAGER, HAMILTON, BLISS, OLIVER, and MILLER, JJ., concur.