C. F. CUNNINGHAM *et al. v.* S. E. DONELSON *et al.*

(Nos. 6680, 6680-A)

Submitted March 17, 1931. Decided March 24, 1931.

(As modified on denial of Rehearing June 10, 1931)

*F. M. Ireland,* for plaintiffs in error.
*J. E. Law* and *L. W. Chapman,* for defendants in error.

LITZ, PRESIDENT:

This writ involves the trial of the right of property upon the petitions of intervenors in an attachment proceeding.

On October 30, 1925, C. F. Cunningham and O. L. Helmick, trading as Motor Service Company, instituted an action in assumpsit against S. F. Donelson, J. F. Winbigler and J. A. Rice, partners under the firm name of Donelson, Winbigler & Rice, for the recovery of $844.58 on open account. On the same day an order of attachment was issued in the action (on the ground of non-residence of Donelson and Winbigler) and levied upon certain road constructing equipment,

as the property of defendants, including four automobile trucks numbered 4679, 4689, 6117 and 5392, respectively. Process having been duly served upon the defendant Rice, on April 11, 1926, judgment was rendered in favor of the plaintiffs for the full amount of their claim, and the property attached ordered sold to satisfy the same. On December 2, 1925, plaintiff in error, Frank C. Wise, filed his petition asserting a claim of $2,310.00 against Donelson and Winbigler, secured by chattel mortgage, executed by them on truck 5392, dated August 27, 1924, and filed for record in Wayne County, Ohio, August 28, 1924, and in Ashland County, Ohio, September 19, 1925. On May 24, 1926, plaintiff in error, The Ohio Maccar Truck Company, filed its petition setting up absolute title to truck 6117 and claims secured by two several chattel mortgages executed by Donelson and Winbigler on each of trucks 4679 and 4689, as follows: Unrecorded chattel mortgage on truck 4679, dated April 11, 1924, securing the payment of $3,746.00, evidenced by serial notes; chattel mortgage on the same truck, dated April 11, 1924, filed for record in Ashland County, Ohio, December 23, 1924, securing the payment of $900.00, evidenced by serial notes; unrecorded chattel mortgage on truck 4689, dated May 5, 1924, securing payment of $3,938.30, evidenced by serial notes; chattel mortgage on the same truck, dated May 5, 1924, filed for record in Ashland County Ohio, December 23, 1924, securing the payment of $999.24, evidenced by serial notes.

The issues having been submitted to the court in lieu of a jury and no evidence being adduced to establish the mortgages except unauthenticated copies thereof, both petitions were dismissed. On writ of error to this court the ruling of the circuit court was reversed and the case remanded for further proceedings, in a decision holding that The Ohio Maccar Truck Company was the owner of truck 6117, and that the intervenors should be given further opportunity to establish the mortgages by competent proof. *Cunningham et al* v. *Donelson et al.,* 105 W. Va. 536. On the second trial, with properly authenticated copies of the mortgages in evidence, the trial court again dismissed the petitions.

The trucks in question were brought by Donelson and Win-

bigler into West Virginia during the month of August, 1925, without the consent or knowledge of The Maccar Company or Frank C. Wise. The evidence tends to show that The Maccar Company did not receive information of the removal until the latter part of October, shortly before the institution of this action. Sections 8560 and 8561 of the Ohio Code provide that a chattel mortgage shall be void as against the creditors of the mortgagor, subsequent purchasers, and mortgagees, in good faith, unless and until it is filed with the county recorder of the county where the mortgagor resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the county recorder of the county in which the property is situate at the time of the execution of the instrument. As the mortgagors were residents of Ashland County, Ohio, at the time of the execution of the mortgages for $900.00 and $999.24 and at the time the instruments were filed with the county recorder of said county, in compliance with the Ohio statute, the removal of the mortgaged property to this state, without the consent or knowledge of the mortgagee, did not affect its lien. The general rule, supported by practically unanimous opinion, is that a chattel mortgage executed in good faith and valid under the laws of the state where executed, will be held valid by the courts of a sister state to which the property may be removed. *Ashland Finance Co.* v. *Dudley,* 98 W. Va. 255, 257. ''In some jurisdictions this is held to be the rule without regard to the presence or absence of consent or knowledge on the part of the mortgagee as to the removal, but by the better authority it seems that, where the mortgagee has consented to the removal of the property, he will forfeit his right to a lien unless he takes such steps as are required for its protection by the statutes of the state into which the property is removed.'' 11 C. J., page 425.

As the mortgage under which Wise claims was not legally filed for record in Ohio until after the removal of the property to this state, it is subservient to the lien of the attachment. *American Box Ball Co.* v. *Wood,* (Okla.) 150 Pa. 1047; *Carroll* v. *Nisbet,* 9 S. C. 497, 70 N. W. 634; *Galt* v. *Dibrell,* 10 Yerg. (Tenn.) 146. Wise questions the validity

of the attachment upon the theory that plaintiffs are not creditors of Donelson and Winbigler within the meaning of the Ohio statute. Whether the trucks in question, at the time the attachment was levied, belonged to the partnership of Donelson, Winbigler & Rice, or to Donelson and Winbigler, the lien of attachment adhered to the interest of Donelson and Winbigler in the property. Counsel for Wise cite *Andrews* v. *Mundy*, 36 W. Va. 32, and *Goodman* v. *Henry*, 42 W. Va. 526, as holding that the ''non-residence of part of the members of a partnership is not sufficient ground for an attachment.'' This statement is misleading. The first case holds in point one of the syllabus that where one of two members of a partnership is a non-resident, a firm creditor by issuing an attachment against the firm which is levied upon the social assets ''does not thereby gain any priority over any other firm creditor except as to the individual interest of the non-resident partner.'' The second also holds that ''the non-residence of one partner will not be ground for attachment against the firm to the prejudice of social creditors.'' Moreover, the contention of Wise, renewed on this writ, was disposed of by our former decision, where it is held: ''To avail the intervenors (Wise and Ohio Maccar Truck Company) and give them preference over the attaching creditors they must show that their mortgages were'' filed as provided by the Ohio statute. This is the law of the case.

We, therefore, affirm the judgment of the Circuit Court in dismissing the petition of Wise, but reverse it in so far as it dismisses the petition of The Ohio Maccar Truck Company. The case is remanded for the entry of judgment in its favor in accordance with the conclusions herein stated.

*Affirmed in part; reversed in part; remanded.*