No. 12,845.

COMMERCIAL CREDIT COMPANY *v.* HIGBEE.
(20 P. [2d] 543)

Decided March 20, 1933.

Mr. LOUIS A. HELLERSTEIN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

JOHN A. Higbee brought an action in the Denver district court against the defendant, William Estep, asking for a judgment of $500 which he claimed to be due him from the defendant for services as a broker which he

rendered to the defendant in the sale or exchange of properties. In aid of the action plaintiff sued out a writ of attachment which was levied upon an automobile that was then in possession of the defendant. While this car was in possession of the sheriff, and prior to entry of any judgment in the action, the plaintiff in error here, the Commercial Credit Company, filed a petition of intervention in the case alleging, in substance, that the defendant Estep had purchased this automobile in California under a conditional sales contract which contract represented the balance of the purchase price of the automobile, and the credit company demanded that the automobile should be released to it. Higbee, the original plaintiff in the action, demurred to this petition of intervention and the demurrer was sustained by the district court, to which ruling the credit company excepted, and has brought this writ of error seeking a reversal of the adverse judgment against it. As there is no appearance here for the defendant in error Higbee, this court is without any assistance from the successful party below in the determination of the controversy.

Counsel for the plaintiff in error thus states the proposition for decision: "Shall the courts of Colorado recognize the rights of a vendor of an automobile or his grantee under a valid conditional sales contract executed in California as against the rights of an attaching creditor in Colorado who levies upon the automobile which has been removed to Colorado without the permission or consent of the vendor or his grantee?" The conditional sales contract in question contains the following provisions: "Title to said property shall not pass to the purchaser until all sums due under this contract are fully paid in cash and all the terms, conditions and covenants of this contract are fully performed. * * * The purchaser shall keep such property free from all taxes, liens and encumbrances; shall not use the same or allow the same to be used for any unlawful or illegal purpose or for hire; shall not remove the same from the state * * *

without the written consent of the seller; purchaser shall not transfer any interest in this contract or said property, nor suffer the same to become the subject of the levy of any writ of attachment   *   *   *   or any other process." The argument of counsel for plaintiff in error submits the following proposition: "The sales contract, by repeated decisions of the courts of California, is enforceable in that jurisdiction and the rights of the seller thereunder are superior to the rights of any attaching creditor or purchaser for value without notice in that state; second, that the doctrine of lex loci contractus and the rule of comity should be applied." In *Oakland Bank of Saving v. California Pressed Brick Co.*, 183 Cal. 295, 191 Pac. 524, and also in other cases, the California courts have upheld the validity of such contracts.

The question for decision here, however, is whether the California doctrine should be enforced by the courts of Colorado under the rule of comity? It may be, as contended by counsel for plaintiff in error, that the majority rule in this country is what he says it is. However that may be, we think the question is settled in this jurisdiction by a previous decision of this court in *Turnbull v. Cole,* 70 Colo. 364, 201 Pac. 887. The precise question which is involved in the pending action was before this court for decision, and in an opinion by Mr. Justice Teller it was held that: "A contract for the sale of an automobile, providing that until the balance of the purchase price is paid the vendor should retain title, though valid in the foreign state where executed, cannot be enforced against interested parties without notice in Colorado, because such action would be contrary to public policy, and result in detriment to the interests of a citizen of this state." And the opinion further says: "It is settled in this jurisdiction that contracts like that here under consideration, reserving a secret lien to the vendor, will not be recognized as leaving title in the vendor, as against interested parties without notice." And to this proposition are cited a number of our own cases. There is no difference between the facts of the Turnbull case

and the case now before us. Here the vendor relies upon a secret lien which was reserved to the seller of this automobile in the state of California. The plaintiff in this case had no knowledge whatever of its existence at the time of the levy upon the automobile which had been wrongfully removed from California to the state of Colorado, and there is no evidence even tending to show that any notice of the secret lien was possessed by the plaintiff in the present action. This Turnbull case was referred to with approval in the case of *Mosko v. Matthews,* 87 Colo. 55, 284 Pac. 1021, where, in the opinion by Mr. Justice Adams, he says that in the Turnbull case, supra, we held that the foreign law will not be enforced if contrary to the settled public policy of Colorado, or if detrimental to the interests of our citizens, and says such was our decision in the Turnbull case which involved the question of a secret lien as against a third party without notice or knowledge thereof. The opinion, at page 59, further states: "Irrespective of state lines, and with no favoritism shown toward the citizens of this state or any other, we have held that the secret character of that class of paper puts it beyond the pale of the law, because it is against our public policy and contrary to the express provisions of our Statute of Frauds and Perjuries."

Whatever, therefore, may be the rule in other jurisdictions, Colorado is committed to the doctrine declared in the Turnbull and Mosko cases, supra. It is contrary to the contentions of plaintiff in error. Judgment is therefore affirmed.