No. 12,853.

AMERICAN EQUITABLE ASSURANCE COMPANY *v.* HALL CADILLAC COMPANY.
(24 P. [2d] 980)

Decided August 7, 1933.

Mr. W. E. CLARK, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error American Equitable Assurance Company, as plaintiff, replevied an automobile from the defendant in error Hall Cadillac Company, as defendant. Judgment went in favor of the latter, and the former brings the case here for review.

The automobile in question was sold by a dealer at Tacoma, in the state of Washington, to a purchaser under a so-called conditional sale contract. Thereafter the automobile was removed from Washington, contrary to the provisions of the contract. The plaintiff, as insurer, paid the dealer's assignee the amount of the loss sustained through the unauthorized removal, and received from that assignee certain instruments of assignment which purported to vest title in the plaintiff in error.

The defendant interposed in effect two defenses. One involves the contention that the conditional sale contract is invalid and unenforceable against the defendant because the latter purchased the automobile at Denver in good faith for value and without notice, from one having title thereto and rightful possession thereof. The other defense is that the defendant has repainted and reconditioned the automobile at an expense of labor and material amounting to a stated reasonable value. We need not pass upon the latter. Incidentally, we remark that the assignment of error in sustaining a motion to strike certain testimony is not well taken.

The amended reply and an amendment thereof charge the defendant with actual or constructive knowledge of the rights alleged by the plaintiff, and insist that a judgment for the defendant would be in contravention of the Constitution of the United States and the Constitution of Colorado, that it would constitute the taking of the plaintiff's property without due compensation, and that it would be a failure to give full faith and credit to the law of a sister state. The findings of the lower court,

based upon conflicting evidence, were in favor of the defendant on all the issues. The court, among other things, found that the defendant was a purchaser, for value and without notice, from one having title as well as lawful possession.

On the authority of *Turnbull v. Cole,* 70 Colo. 364, 201 Pac. 887, followed in the recent case of *Commercial Credit Company v. Higbee,* 92 Colo. 346, 20 P. (2d) 543, the judgment of the court below must be affirmed, since it falls squarely within the principle laid down in those cases, namely, that a conditional sale contract, even though valid outside of Colorado, cannot be here asserted against one who, in good faith and without notice of a defect in the title, has purchased personal property covered thereby from one having open possession of the article or articles sold.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.