No. 13,804.

CASTLE *v.* COMMERCIAL INVESTMENT TRUST CORPORATION.
(66 P. [2d] 804)

Decided March 22, 1937. Rehearing denied April 12, 1937.

Mr. JAMES A. MARSH, Mr. WINBOURN MACDONALD, for plaintiff in error.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE defendant in error, as plaintiff in the district court, brought an action in replevin against the plaintiff in error, as defendant, to recover possession of an Auburn automobile. The parties will be herein designated as they appeared in the trial court. From a judgment in favor of plaintiff defendants bring the cause to this court by writ of error. The facts were stipulated and a brief recital of them is necessary in our determination of the questions involved.

192

Defendant purchased the automobile in question and secured a Colorado certificate of title from Kelton, Incorporated, an automobile concern doing business in the city of Denver. This company had purchased the car from Max Schwartz, securing from him a Colorado certificate of title. No further history of the Colorado title appears in the stipulation. Originally the car was purchased from the Valley Motor Sales, Inc., of Utica, New York, by M. Josef Matlin under the following sale contract:

"City, Utica; State, New York.
"To Valley Motor Sales, Inc.

"I, or we, the undersigned purchaser, do hereby acknowledge having this day received from you the following motor vehicle, in its present condition, together with its equipment; said vehicle and equipment to be hereinafter referred to as "Chattel"; for which I, or we, agree to pay you on the following terms and conditions:
\*     \*     \*

"I, or we, have examined said chattel, and accept same in its present condition. It is agreed that the title to, and ownership in, said chattel are vested in you and your assigns irrespective on any retaking and redelivery thereof to me or us until said indebtedness shall have been fully paid in money, at which time ownership shall pass to me or us.

(Signed) M. Josef Matlin   L. S.   Signature   Signature
        229 Genesee                   of
  (Address of Purchaser.)           Purchaser"

This contract was assigned by Valley Motor Sales, Inc., to the plaintiff, the Commercial Investment Trust Corporation. The contract was filed for record July 11, 1933, in the office of the clerk of Oneida county, New York.

With respect to the legal effect of such contracts in New York when recorded the following appears in the stipulation:

"Mr. Rosner [Attorney for plaintiff]. That a conditional sale contract is valid in the State of New York,

and when recorded gives notice in the State of New York, that should be stipulated.

"Mr. MacDonald [One of the attorneys for defendant]. We stipulate that a conditional sale contract was recorded in New York according to the laws of New York. But we don't stipulate that it is a chattel mortgage. We stipulate only that it is a conditional sale contract.

"Mr. Marsh [One of the attorneys for defendant]. As a conditional sale contract, our position is it has no valid effect, and is no notice to innocent purchasers in Colorado.

"Mr. MacDonald. The reason we make this distinction is because the courts of Colorado do make that distinction. So the stipulation is that it is a conditional sale contract recorded in New York, and not as a chattel mortgage. * * *

"Mr. MacDonald. We agree that a conditional sale contract was recorded in New York, and it is according to the laws of New York."

Without the consent of the plaintiff Commercial Investment Trust Corporation, Matlin removed the car from the state of New York and it was purchased in Colorado by Kelton, Inc., and from it by the defendant herein for value in the regular course of business, and without knowledge of the foregoing contract or of its being recorded in the state of New York.

Reference is made to the contract by both parties as a conditional sale contract under the laws of New York, and since both so denominate it we shall consider it as such without any attempt to determine whether, under the laws of Colorado, it constitutes a conditional sale contract, or evidences an absolute sale. It will be observed that it is not stipulated that the contract is a chattel mortgage and therefore we shall not determine whether it does or does not have the effect of a chattel mortgage under the laws of New York. Indeed we cannot do so because what the laws of that state are with respect

194

to chattel mortgages is a question of fact in Colorado and such fact is not included in the stipulation.

In this condition of the record the sole question before us is whether or not, under the comity rule as recognized in Colorado, the title retaining contract here involved gives the plaintiff a right to the automobile superior to that of one who purchases it in Colorado in the regular course of business without knowledge of the existence of the contract. The existent decisions of this court hold that the comity rule does not extend to such a contract as the one involved in this case. The issue here presented differs in no essential respect from that determined adversely to plaintiff's contentions in *Turnbull v. Cole,* 70 Colo. 364, 201 Pac. 887, and *American Co. v. Hall Co.,* 93 Colo. 186, 24 P. (2d) 980.

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment in favor of the defendant.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BOUCK concur.