SOUTHERN FINANCE COMPANY *v.* PETE ZEGAR

(No. 8777)

Submitted September 7, 1938. Decided September 20, 1938.

*Howard & Howard,* for plaintiff in error.

*Samuel Solins* and *W. H. Ballard,* for defendant in error.

KENNA, JUDGE:

This is an action in detinue brought by Southern Finance Company, a North Carolina corporation, against Pete Zegar in the Circuit Court of McDowell County for the purpose of procuring possession or the alternate value of a Plymouth automobile upon which the plaintiff held a chattel mortgage, duly recorded in Davidson County, North Carolina, December 23, 1936, and in McDowell County, October 5, 1937. Upon an agreed stipulation, the trial judge, a jury having been dispensed with, found in favor of the plaintiff and entered judgment awarding the possession of the automobile to plaintiff, together with a recovery of $33.56 damages and costs. This writ of error and supersedeas was granted to the defendant below.

J. S. Loftin, on November 14, 1936, purchased the automobile in question in Davidson County, North Carolina, and on the same day executed a chattel mortgage thereon to secure the Southern Finance Company in the payment of a loan in the amount of the deferred purchase money. This mortgage was recorded December 23, 1936, and on May 1, 1937, Loftin left the car at the Elkhorn Motor Company in Keystone, West Virginia, for repairs. Loftin did not return for the car, and on October 2, 1937, it was sold under the levy of an execution based upon a judgment rendered in favor of Elkhorn Motor Company for the cost of the repairs. Zegar became the purchaser. On October 3, 1937, the Southern

Finance Company first learned that the car was in Mc-Dowell County, West Virginia, and on October 5th, more than sixty days after the expiration of three months from the time the car was brought to West Virginia, the chattel mortgage was recorded in McDowell County. We think that the stipulation of agreed facts sufficiently shows that the efforts of Southern Finance Company to trace and keep track of this automobile constituted due diligence.

The position taken by the plaintiff in error is that Code, 40-1-12 (section 3996), is applicable without qualification. It reads: "If any goods or chattels mentioned in such writing (referring to chattel mortgages) be removed from another state in which it is admitted to record to this State, such writing shall, within three months after such removal, be admitted to record in the county in this State to which the property is so removed; otherwise the same, for so long as it is not admitted to record in such county, shall, as to the property so removed, be void as to such creditors or purchasers. But such writing shall not be so void in respect to the interests of any infant or insane person, if, before the end of three months after the disability shall cease, the writing be recorded in the county to which the property is removed."

The position taken by counsel for defendant in error is that the section quoted is to be read in the light of Code, 40-3-14 (section 4020), which relates to conditional sales contracts, and that when so read, the principles enunciated by Judge Hatcher in the case of *Ashland Finance Company* v. *Dudley,* 98 W. Va. 225, 127 S. E. 33, are applicable. Upon reading Judge Hatcher's opinion in the *Dudley* case, it will be seen that the principle there laid down is based upon the rule of comity between the several states. The courts have long adhered to this rule which involves reciprocal consideration and, when they are found devoid of conflict, permissible enforcement of each other's laws between all the sister states of the Union. It is based upon no constitutional provision.

(Not directly applicable, but illustrative of the principle in contemplation see the annotated case of *Hartford Accident & Indemnity Company* v. *Delta & Pine Land Company,* 292 U. S. 143, 78 Law. Ed. 1178, 54 S. Ct. 634, 92 A. L. R. 928, annotation 932). Therefore, if the legislature wishes, upon a given subject matter, to change the circumstances under which the rule of comity shall arise, it lies within its power to do so. In this matter, we are clearly of the opinion that our legislature has exercised that power.

To say that the meaning of other sections of the Code is to be read into Code, 40-1-12 (section 3996), in our opinion, would be an unwarranted construction of that section, the evident purpose of which is to protect the citizens of this state who purchase or advance credit upon personal property from the effect of a foreign encumbrance thereon which, as had already been held in the *Dudley* case, under the rule of comity, would otherwise be superior to their claim.

It may well be, as is urged by counsel for the defendant in error, that the Elkhorn Motor Company by a diligent inquiry could have ascertained the facts concerning the lien of Southern Finance Company upon this automobile. We must, however, bear in mind that a judgment and execution lienor could also have ascertained that the West Virginia statute amply protects his interest after the expiration of the statutory period of three months without placing upon him any obligation to make such inquiry.

For the reasons stated, we reverse the judgment and finding of the trial court, and, the trial court's finding having been based upon an agreed stipulation of facts, we remand the action with direction to enter judgment in favor of the defendant, awarding to him costs.

*Reversed and remanded.*