GENERAL MOTORS ACCEPTANCE CORPORATION *v.* JAMES TRUSSLER

(No. 9031)

Submitted April 30, 1940. Decided May 21, 1940.

*Arnold & Crawford,* for plaintiff in error.
*E. L. Maxwell,* for defendant in error.

Fox, Judge:

This is an action in detinue instituted before a justice of the peace in Randolph County by the General Motors Acceptance Corporation to recover of James Trussler possession of an automobile on which the plaintiff asserted a lien under a contract which, in case of default of payment, gave it the right to possession thereof. There was a judgment before the justice for the defendant; plaintiff appealed to the Circuit Court, and upon a stipulation of facts the case was submitted and judgment entered for the defendant, to which action of the court plaintiff prosecutes this writ of error.

The facts as agreed to by the parties are as follows: On April 22, 1938, R. E. Denisson, then a resident of Houston, Texas, purchased from Rountree Motor Company the automobile in question, and executed a conditional sales contract to the seller to secure two hundred dollars of the purchase price of the automobile, to be paid in ten consecutive monthly payments, the first of which became due on May 7, 1938. The sales contract, having been sold to plaintiff, was duly recorded in Texas on April 28, 1938. After the execution of the contract, and before any payments were due and payable thereunder, and without

notice to the Roundtree Motor Company or plaintiff, Denisson departed for parts unknown, and on or about the 15th day of July, 1938, the plaintiff located the said Denisson in Lewis County, West Virginia and thereafter, on July 23, a copy of said contract, duly certified under the seal of the Clerk of the County Court of Harris County, Texas, was recorded in Lewis County. Previous to this date, on June 22, 1938, the said Denisson, concealing the fact of his indebtedness to the plaintiff, obtained from the state road commission of West Virginia a certificate of title which showed the automobile in question to be free of liens. Thereafter on June 27, the said Denisson sold the automobile to S. H. Watring, doing business as the Watring Garage, in Elkins, Randolph County; and on July 13, the Watring Garage sold it to the defendant, James Trussler. The plaintiff on August 13, 1938, learned that the automobile had been traded to Watring, and on the 22nd day of August, a copy of the said contract, originally executed and recorded in Texas, was recorded in Randolph County. On September 26, this action was instituted.

The contract executed by Denisson in Houston, Texas, covering the purchase of the automobile is, in form, a conditional sales contract. At that time Denisson resided in Texas, and the property was located therein, therefore, the contract must be interpreted under the laws of that state, 1 Jones Chattel Mortgages, Bowers Edition, 479. The contract, being valid in Texas, will be enforced in this state, *Cunningham* v. *Donelson,* 110 W. Va. 331, 158 S. E. 705. Under Article 5489 of the Revised Civil Statutes of the State of Texas: "All reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages." The contract was duly recorded as a chattel mortgage in that state and the lien of the seller on the automobile legally established.

Treating the contract in question as a chattel mortgage, and assuming for the purpose of discussion that it remains a chattel mortgage in this state, we think the question presented as to recordation in this state is controlled by Code, 40-1-12. Prior to the enactment of this statute, the weight of authority was that where a mortgagor removed mortgaged property into this state from another state where the mortgage had been duly recorded, without notice to or consent of the mortagee, the lien thereof was superior to a lien subsequently attaching in this state. *Ashland Finance Co.* v. *Dudley,* 98 W. Va. 255, 127 S. E. 33. This principle is supported by 3 Restatement, Conflict of Laws, section 287; 11 Corpus Juris, 424; *First National Bank* v. *Ripley,* 204 Iowa 590, 215 N. W. 647; *Northern Finance Corp.* v. *Meinhardt,* 209 Iowa, 895, 226 N. W. 168. But, according to the Revisers' Note, Code, 40-1-12, was enacted to cover situations such as that arising in the *Ashland* case above mentioned, and in *Southern Finance Co.* v. *Zegar,* 120 W. Va. 420, 198 S. E. 875, we held that Code, 40-1-12, applied to the recordation of chattel mortgages and operated to change the rule announced in the *Ashland* case. We think the reasoning of the *Southern Finance Company* case would apply with equal force to a conditional sales contract as regards the filing thereof, and the recent case of *Richardson* v. *Lumberman's Insurance Co.,* 122 W. Va. 82, 7 S. E. (2d) 436, clearly supports this theory. We think, therefore, the statutes governing recordation and filing of chattel mortgages and conditional sales contracts must be held to control in the preservation of liens acquired under chattel mortgages or contracts executed in other states, where the property is afterwards removed to this state without the knowledge of the party holding the lien. The relevant statute as to conditional sales contracts is Code, 40-3-14.

This being true, in order to preserve the lien of a chattel mortgage as against creditors or subsequent purchasers, where the chattel covered thereby is removed into this state from another state, the same must be recorded in the county in this state to which the property is removed

within three months thereafter. The plaintiff complied with this statute, because under the stipulation of facts the automobile in question was removed to Lewis County, West Virginia, and the contract was recorded in that county on the 23rd day of July, 1938. The date when the automobile was actually removed to Lewis County is not shown by the record. Taking judicial notice of the distance between Houston, Texas, and Lewis County, West Virginia, we deem it highly improbable, if not impossible, that the automobile could have been removed to Lewis County as early as April 23, 1938, the day after it was purchased in Texas. We hold, therefore, that the contract was recorded in Lewis County within the three months period prescribed by the statute and plaintiff's lien was preserved thereby. It is true that at the time of such recordation the automobile was in Randolph County, but we think the recordation of the contract in the county to which the automobile was first removed complied with the statute and preserved plaintiff's lien. Subsequently, and within three months from the date of recordation in Lewis County, it was recorded in Randolph County.

If we treat the contract executed by Denisson in Texas as a conditional sales contract, then it appears that the same was filed and recorded in Lewis County within ten days from the date plaintiff first learned that the automobile was located in that county, and later, when plaintiff learned that it was actually located in Randolph County, the contract was filed in that county within ten days thereafter. So, whether we treat the contract executed by Denisson as a chattel mortgage or as a conditional sales contract, it appears clear that the plaintiff has preserved its rights thereunder in this state by the due recordation and filing thereof within the terms of the statutes governing the same. This being true, it follows that the plaintiff should have recovered the possession of the automobile in question, and that the court erred in entering judgment for the defendant.

We have purposely refrained from deciding whether or not we should consider the contract executed in Texas

as a chattel mortgage or as a conditional sales contract. In form it is a conditional sales contract, and yet under the statute of Texas it is made a chattel mortgage. Plausible arguments may be advanced on both sides of the question, but, as we have stated above, plaintiff has preserved its lien, whatever we may call the contract, and the question is not a vital one herein. Furthermore, the point is not argued in the brief of the plaintiff in error, and there is no appearance in this Court on the part of the defendant in error. We, therefore, do not express an opinion on this question.

The judgment of the Circuit Court of Randolph County is reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*