M. A. C. CREDIT CORPORATION, Appellant,

v.

R. D. GOODRICH, Appellee.

No. 15627.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1955.

Rehearing Denied June 24, 1955.

Lem Billingsley, Fort Worth, for appellant.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellee.

BOYD, Justice.

On June 23, 1953, R. J. Daniel executed and delivered to William E. Rust a chattel mortgage on a truck trailer to secure a note of even date therewith in the sum of $4,044.42, and on the same day the note and mortgage were assigned to and are now owned by appellant M. A. C. Credit Corporation. The mortgage was executed and delivered in Denver, Colorado. It recited that the mortgaged property "is now located and is to be maintained" at Adams City, in Adams County, Colorado. The trailer was to remain in the possession of the mortgagor. The note was payable in monthly installments, beginning one month after its date. No payment has been made. The mortgage was filed for record in Adams County, Colorado, on July 24, 1953. It has not been filed in any county in Texas.

On July 27, 1953, appellee R. D. Goodrich, without notice of the mortgage, caused to be levied on the trailer a writ of attachment issued out of the 67th District Court of Tarrant County, Texas, in a suit by appellee against the said R. J. Daniel. The levy was made in Decatur, in Wise County, Texas. The trailer had been in Decatur more than a week when the levy was made. Appellant filed its statutory bond and affidavit for possession under Rules 717 through 736, Texas Rules of Civil Procedure, and issues were made and joined between appellant and appellee in the District Court of Wise County. A jury was waived, and judgment was rendered for appellee.

Appellant has five points of error, which are, in substance, that the mortgage was duly filed for record in Colorado where it was given, and in the county where the property was located; that the mortgage was valid under the laws of Colorado; that the law of Colorado should have governed the trial, instead of the law of Texas; that the recitations in the mortgage should be taken as true, they not having been denied under oath; and that the mortgage should have been enforced by the Texas court over the claims of an attaching creditor.

Appellee contends that appellant failed to show that its mortgage was valid under Colorado law, and asserts that the mortgage was invalid as to an attaching creditor since appellant failed to file or record it until after the property had been removed to Texas.

■ Separate findings of fact and conclusions of law were not requested, and not filed. We must therefore presume that the court made all findings of fact necessary to support the judgment which were warranted by the evidence. Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266; City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508; Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S.W.2d 1042; Wilkinson v. Paschall, Tex.Civ.App., 210 S.W. 2d 215.

The validity of appellee's attachment lien was not questioned except by the claim that it was inferior to appellant's mortgage.

■ The burden was on appellant to show that its mortgage lien was superior to appellee's attachment lien. Rule 730, T.R.C.P.; Miller v. Sturm, 36 Tex. 291; King v. Sapp, 66 Tex. 519, 2 S.W. 573. Rule 730 provides that "If it (the property) was taken from the possession of the defendant in such writ, or any other person than the claimant, the burden of proof shall be on the claimant." The trailer was levied upon while in the possession of a police officer who had taken it to his home after it had been parked on a street in De-

catur for about a week. It had never been in appellant's possession.

■ We are constrained to hold that appellant failed to establish that its mortgage was superior to appellee's lien. There was no evidence that the mortgagor ever lived in Colorado; but there was evidence that he was living in Decatur at the time the mortgage was executed, having come there from Denton, Texas. And the only evidence that the trailer was ever in Colorado is to be found in the recitals in the mortgage.

■ We do not think the recitals in the mortgage must be taken as true against a litigant who is neither a party nor the privy of a party to the mortgage. 17 Tex.Jur., p. 676, sec. 287; Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81; Watkins v. Smith, 91 Tex. 589, 45 S.W. 560. It has been held that such evidence cannot form the basis of a judgment, whether objected to or not. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Austin Bros. v. Patton, Tex.Com. App., 294 S.W. 537; Southern Surety Co. v. Nalle & Co., Tex.Com.App., 242 S.W. 197; 17 Tex.Jur., p. 521, sec. 211.

The Colorado statutes introduced in evidence, 1935 C.S.A., Vol. 2, Ch. 32, secs. 1 and 8, provide, in part, that "no mortgage of personal property shall be valid against the rights and interests of any third person or persons unless possession of such property be delivered to and remain with the mortgagee, or the mortgage be * * * filed or recorded as provided in this chapter. * * * Any chattel mortgage * * * may be filed in the office of the clerk and recorder of the county in which the mortgaged property is situated, or, * * * may be recorded at length in public records of said county and thereupon, whether filed or recorded, if bona fide, shall be good and valid from time of such filing or recording, * * *."

While we have seen no case exactly in point from the courts of Colorado, the Supreme Court of Wyoming, in Mosko v. Smith, 63 Wyo. 239, 179 P.2d 781, held that

.where property was mortgaged in Colorado, but was removed from that state before the mortgage was filed or recorded, the subsequent filing or recording of the mortgage did not render it valid as to third parties even in Colorado. The Colorado statute under consideration in that case appears to have been the one here involved, and required that the mortgage must be filed or recorded where the property was situated.

In General Finance & Thrift Corporation v. Guthrie, 227 N.C. 431, 42 S.E.2d 601, it was held that where an automobile was purchased and mortgaged in Georgia, but was removed to North Carolina before the mortgage was filed in Georgia, the mortgage lien was not valid as against the rights of a subsequent purchaser. In Cunningham v. Donelson, 110 W.Va. 331, 158 S.E. 705, it was held that the rights of an attaching creditor were superior to the lien of an Ohio mortgagee who did not file his mortgage until after the property was removed from that state. To the same effect is the holding in Yund v. First Nat. Bank, 14 Wyo. 81, 82 P. 6.

The Colorado courts have refused to recognize the liens of unrecorded foreign conditional sales contracts as superior to subsequent liens, because of the "secret nature" of the former.

"It is settled in this jurisdiction that contracts like that here under consideration, reserving a secret lien to the vendor, will not be recognized as leaving title in the vendor, as against interested parties without notice." Turnbull v. Cole, 70 Colo. 364, 201 P. 887, 25 A.L.R. 1149. See also Commercial Credit Co. v. Higbee, 92 Colo. 346, 20 P.2d 543; American Equitable Assur. Co. v. Hall Cadillac Co., 93 Colo. 186, 24 P.2d 980; Castle v. Commercial Inv. Trust Corporation, 100 Colo. 191, 66 P.2d 804.

We agree with appellant that an attaching creditor ordinarily does not expend as much on the property involved as an innocent purchaser who pays the full value; but we cannot agree with its contention that the rights of the two are materially different in the situation disclosed by this record. The Colorado statute provides that unless it is filed or recorded, "no mortgage of personal property shall be valid against the rights and interests of *any third person*" but "shall be good and valid from time of such filing or recording." (Emphasis supplied.) Even if it be conceded that the evidence requires a finding that the trailer was in Adams County, Colorado, at the time the mortgage was executed, we believe that appellant's failure to file or record the mortgage before the trailer was removed to Texas deprived the mortgage of its validity as against the attachment lien.

We have carefully considered all points presented by appellant, but conclude that error is not shown.

The judgment is affirmed.